**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**Harrisonburg Division**

| | |
|---|---|
| GREAT EASTERN RESORT CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 5:06cv84 |
| | ) |
| BLUEGREEN CORPORATION, et al. | ) |
| | ) |
| Defendants. | ) |

**DEFENDENT BLUEGREEN CORPORATION'S**
**AND LESIURE CAPITAL CORPORATION'S BRIEF IN**
**SUPPORT OF THEIR MOTION TO REMAND AND BRIEF IN**
**OPPOSTION TO PLAINTIFF'S MOTION TO REALIGN THE PARTIES**

## I.      INTRODUCTION

Plaintiff Great Eastern Resort Corporation ("Great Eastern") has ignored settled law of

the Supreme Court of the United States and has filed a specious Notice of Removal accompanied

by a Motion to Realign.[1]   The law provides no basis for allowing Great Eastern to remove this

action to this Court, nor does the law support Great Eastern's contention that the parties should

be realigned so that this action may be removed.   Great Eastern initiated this action in state court.

The fact that Defendants John Bonsal and Nancy Wagoner (the "Individual Defendants") filed a

counterclaim alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

("FLSA") against Great Eastern provides no basis for removal, and this Court should issue an

Order remanding this action to the Circuit Court of the City of Rockingham.

## II.     STATEMENT OF FACTS

On July 21, 2006, Great Eastern filed this action in this Circuit Court of the County of

Rockingham.   The Complaint contained four counts, all of which arise under the laws of the

---

[1] Great Eastern's Brief in Support of Its Motion to Realign the Parties will be referred to as Great Eastern's "Brief in Support."

Commonwealth of Virginia.  On August 16, 2006, Defendants Bluegreen Corporation

("Bluegreen") and Leisure Capital Corporation ("Leisure Capital," and collectively with

Bluegreen, "Defendants") filed an Answer and affirmative defenses.  On August 31, 2006 the

Individual Defendants filed an Answer, affirmative defenses, and counterclaims.  Two of the

counterclaims alleged FLSA violations.  The Individual Defendants also filed a Demurrer

challenging the enforceability of certain restrictive covenants contained in employment

agreements signed by the Individual Defendants and Great Eastern.  The gravamen of Great

Eastern's Complaint filed in Rockingham County centers on the terms and enforceability of the

restrictive covenants contained in the employment agreements.

On September 18, 2006, Great Eastern filed a Notice of Removal with this Court, as well

as a Motion to Realign the Parties.  Great Eastern is represented by the same attorneys who filed

a complaint on behalf of another corporation in the Circuit Court of the City of Williamsburg and

of the County of James City in July 2006 ("Williamsburg Action").  The causes of action pled by

the plaintiff in the Williamsburg Action are similar to the ones that have been pled by Great

Eastern in the instant case.  The plaintiff in the Williamsburg Action also filed a Notice of

Removal and a Motion to Realign the Parties after the individual defendants in that action

counterclaimed against the plaintiff for FLSA violations identical to the ones at issue here.

Despite the fact that defense counsel in the Williamsburg Action have informed plaintiff's

counsel of binding law which holds that a plaintiff/counterclaim defendant cannot remove an

action to federal court because the counterclaim arises under federal law, Great Eastern has

ignored the law and has filed a Notice of Removal in the case at bar.

### III.   ARGUMENT

**Settled Law of the Supreme Court of the United States Forecloses**
**Any Arguments that Great Eastern Has the Authority to Remove This Action.**

Plaintiff Great Eastern's arguments in support of its Motion to Realign the Parties are tenuous and contrary to the established law of the federal courts.  Not a single authority cited by Great Eastern supports its Motion to Realign the Parties.  Although Great Eastern asserts that the procedural circumstances in this case warrant a realignment of the parties and removal, no authority cited by Great Eastern support its contention in this regard.  (Br. in Support at 1-4). Even a cursory review of the case cited by Great Eastern in support of its Motion to Realign, Miller v. Washington Workplace, Inc., 289 F. Supp. 2d 364 (E.D. Va. 2004), demonstrates that Great Eastern's motion is entirely without merit.  Thus, Great Eastern should not be permitted to back door itself into Federal Court by filing its Motion to Realign.

### A.   Great Eastern is Without Authority to Remove This Action.

It is a well established proposition that the federal removal statues must be strictly and narrowly construed.  Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108 (1954) ("[T]he policy of the successive acts of Congress regulating the jurisdiction of federal courts is one calling for the strict construction of such legislation."); Adams v. Aero Servs., Int'l, Inc., 657 F. Supp. 519, 521 (E.D. Va. 1987) (same). The party seeking removal bears the burden of establishing that removal is proper.  Bingham v. Newport News Shipbuilding and Drydock Co., 3 F. Supp. 2d 691, 691 (E.D. Va. 1998).  The statue providing for removal to a Federal District Court states that a case filed in a State Court may be removed if certain conditions are satisfied:

> Except as otherwise expressly provided by an act of Congress, any
> civil action brought in a State Court of which the District Courts of
> the United States have original jurisdiction, may be removed by
> the Defendant or the Defendants, to the District Court of the
> United States or the District and Division embracing the place

> where such action is pending.  For purposes of removal under this
> chapter the citizenship of Defendants sued under fictitious names
> shall be disregarded.

28 U.S.C. § 1441.

Great Eastern's Notice of Removal asserts that this Court has original jurisdiction pursuant to 28 U.S.C. § 1331.  This assertion is based on the flawed premise that this Court may be vested with subject matter jurisdiction because the counterclaim filed by the Individual Defendants against Great Eastern arises under the FLSA.  The Supreme Court of the United States has rejected Great Eastern's argument in this regard.  The Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc., 535 U.S. 826 (2002).  As stated by the Court in Holmes, "[t]he well pleaded complaint rule has long governed whether a case 'arises under' federal law for purposes of § 1331," and whether "a case is removable from state to federal court pursuant to 28 U.S.C. § 1441(a)."  Id. at 830, 830 n.2.  Therefore, to determine whether a case arises under federal law turns on an analysis of the causes of actions pled in the complaint.  Id. at 830.  Absent federal question jurisdiction on the face of the complaint, there can be no "arising under" jurisdiction for purposes of removal.  Id.

The following discussion from Holmes illustrates the weakness of Great Eastern's arguments:

> Respondent argues that the well-pleaded-complaint rule, properly
> understood, allows a counterclaim to serve as the basis for a
> district court's "arising under" jurisdiction. We disagree.
>
> Admittedly, our prior cases have only required us to address
> whether a federal defense, rather than a federal counterclaim, can
> establish "arising under" jurisdiction. Nevertheless, those cases
> were decided on the principle that federal jurisdiction generally
> exists "only when a federal question is presented on the face of the
> *plaintiff's* properly pleaded complaint."  As we said in The Fair v.
> Kohler Die & Specialty Co., 228 U.S. 22, 25 (1913), whether a
> case arises under federal patent law "cannot depend upon the

answer." Moreover, we have declined to adopt proposals that "the answer as well as the complaint . . . be consulted before a determination [is] made whether the case 'ar[ises] under' federal law. . . ."   It follows that a counterclaim-which appears as part of the defendant's answer, not as part of the plaintiff's complaint-cannot serve as the basis for "arising under" jurisdiction.

Allowing a counterclaim to establish "arising under" jurisdiction would also contravene the longstanding policies underlying our precedents. First, since the plaintiff is "the master of the complaint," the well-pleaded-complaint rule enables him, "by eschewing claims based on federal law, . . . to have the cause heard in state court."   The rule proposed by respondent, in contrast, would leave acceptance or rejection of a state forum to the master of the counterclaim. It would allow a defendant to remove a case brought in state court under state law, thereby defeating a plaintiff's choice of forum, simply by raising a federal counterclaim. Second, conferring this power upon the defendant would radically expand the class of removable cases, contrary to the "[d]ue regard for the rightful independence of state governments" that our cases addressing removal require.   And finally, allowing responsive pleadings by the defendant to establish "arising under" jurisdiction would undermine the clarity and ease of administration of the well-pleaded-complaint doctrine, which serves as a "quick rule of thumb" for resolving jurisdictional conflicts.

For these reasons, we decline to transform the longstanding well-pleaded-complaint rule into the "well-pleaded-complaint- *or-counterclaim* rule" urged by respondent.

Holmes, 535 U.S. at 830-32 (citations omitted).

District courts in the Fourth Circuit also reject Great Eastern's contention that it may remove this case to federal court.  Cross Country Bank v. McGraw, 321 F. Supp. 2d 816, 819 (S.D. W. Va. 2004) ("In the wake of Holmes Group, then, there can be no serious contention that the basis for federal subject matter jurisdiction can ordinarily be contained in a defendant's counterclaim."); Unifund CCR Partners v. Citibank N.A., 2006 WL 908755, at *2 (D.S.C. April

7, 2006) (unpublished) ("[p]laintiffs who defend against counterclaims cannot remove such cases to federal court, that authority is well settled.").[2]

### B.    The Authority Cited by Great Eastern In Support of Its Motion to Realign the Parties is Inapposite.

Great Eastern relies heavily on <u>Miller v. Washington Workplace</u> in support of its Motion to Realign.  298 F. Supp. 3d 364 (E.D. Va. 2004).  Unfortunately for Great Easter, <u>Miller</u> offers no legal basis that a plaintiff/counterclaim defendant is permitted to remove an action to federal court.  The holding—as that term is used throughout the law—of <u>Miller</u> was not that the court had jurisdiction pursuant to § 1331 in that case.  A reading of <u>Miller</u> reveals that no substantive discussion of the law with respect to removal occurred in that opinion.  Additionally, there was no mention of a motion to remand in <u>Miller</u>.  Therefore, that case cannot stand for the proposition that removal is proper in the instant case if no such discussion took place.  Instead, the holdings of <u>Miller</u> involved whether a former employer's motion to dismiss several counts of a counterclaim filed by a former employee would be granted.  <u>Miller</u>, 298 F. Supp. 2d at 371, 373, 375, 377, and 380.  Thus, <u>Miller</u> does not support Great Eastern's position that an original plaintiff/counterclaim-defendant is permitted to remove an action to federal court because a counterclaim filed against the plaintiff/counterclaim-defendant is based on federal law because the holdings of <u>Miller</u> did not address this issue.  <u>Id.</u>

Great Eastern's citation to other persuasive authority in its brief is equally unavailing. Great Eastern's cites to these cases in support of its general proposition that this Court may determine who the plaintiff and defendants are in this case, then realign the case to allow removal by a newly determined defendant.  (Br. in Support at 3.)   None of these cases supports removal of this action.  In <u>Chicago Rock Isl. & Pacific R.R. Co. v. Stude</u>, the Supreme Court

---

[2] A copy of the <u>Unifund</u> opinion is attached as Exhibit A.

held that federal law—not the state statue at issue—determined the plaintiff and the defendant in a federal case.  346 U.S. 574, 580 (1954).  After <u>Holmes</u>, there is no need for this Court to consider <u>Chicago Rock</u> because it has been firmly established that a counterclaim defendant cannot remove a case to federal court.

It is also puzzling why Great Eastern cited <u>Shamrock Oil & Gas Corp. v. Sheets</u>, 313 U.S. 100, 85 L.Ed.1214 (1941).  In that case, the Supreme Court applied an earlier version of the removal statue, and reaffirmed that only defendants may remove a case.  Furthermore, the Court reiterated that the removal statutes are to be strictly construed.  <u>Id.</u> at 108.  <u>Shamrock</u> reviewed the history of the removal statue and concluded that congressional intent clearly dictate the result that no plaintiff may remove a case to federal court.  <u>See</u> <u>id.</u>

The Second Circuit's decision in <u>Oppenheimer & Co. v. Neidhardt</u>, 56 F.3d 352 (2d Cir. 1995), is also irrelevant and quite distinguishable.  <u>Neidhardt</u> involved a determination of who was a plaintiff in an arbitration action for purposes of removal.  The court concluded that, for purposes of removal of arbitration cases the plaintiff is the party who first invokes the aid of a court, and that such a matter may be removed only by the party who had no choice in the initial selection of forum in the state court proceedings.  <u>Id.</u> at 356.  <u>Neidhardt</u> is wholly inapplicable here.

In <u>The International Tin Council v. Amalgamet, Inc.</u>, the court stated that that under well-pleaded complaint rule, removal on federal question grounds is not supported by a defendant's assertion of a federal issue.  645 F. Supp. 879, 881 (S.D.N.Y 1986).  In <u>Bingham</u>, the court reiterated that statues conferring removal jurisdiction must be strictly construed against removal and in favor of state court jurisdiction, and that removal may only be made by defendants to an

action over which this Court might exercise original jurisdiction.  3 F.Supp.2d 691, 691 (E.D.Va. 1998).

Finally, Great Eastern's reliance on the Wright & Miller treatise is also misplaced.  Great Eastern avers that Wright & Miller provides a justification for realigning the parties before the court determines whether removal is appropriate.  Contrary to this assertion, the same section cited by Great Eastern in the Wright & Miller treatise follows the law as stated in <u>Holmes</u>:  "The plaintiffs cannot remove, even when they are in the position of a defendant with regard to a counterclaim asserted against them."  14C Wright, Miller, and Cooper, <u>Federal Practice and Procedure</u>, Juris. § 3731 (3d ed. 1998).

As the preceding authorities demonstrate, Great Eastern cannot remove this action to federal court.  This Court should not allow Great Eastern to misconstrue black letter law when the Supreme Court has clearly stated that removal in the instant case is not permitted.  Accordingly, Defendants request that this action be remanded to state court for further proceedings.

## IV.   <u>CONCLUSION</u>

For the foregoing reasons, Defendants' Motion for Remand should be granted by this Court and an appropriate Order remanding this action back to the Circuit Court of the County of Rockingham should issue.

Respectfully submitted,

BLUEGREEN CORPORATION and
LEISURE CAPITAL CORPORATION


By ____s/Edward M. Eakin, III____
                    Counsel

Douglas M. Nabhan (VSB No. 24078)
Edward M. Eakin, III (VSB No. 70964)
WILLIAMS MULLEN
A Professional Corporation
P. O. Box 1320
Richmond, VA  23218-1320
(804) 643-1991 Telephone
(804) 783-6507 Facsimile
     *Counsel for Bluegreen Corporation and Leisure Capital Corporation*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this 2nd day of October, 2006 the foregoing was filed with the Court's Electronic Filing System.  The Court will send a copy to all counsel of record via electronic mail.


_____s/Edward M. Eakin, III_____


1334950v2