CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 22 2006

JOHN F. CORCORAN, CLERK
BY:
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| GREAT EASTERN RESORT CORPORATION,<br>    Plaintiff, | Civil Action No. 5:06cv00084 |
| | **MEMORANDUM OPINION** |
| v. | |
| BLUEGREEN CORPORATION, *et al.*,<br>    Defendants. | By: Samuel G. Wilson<br>United States District Judge |

This is an action filed by plaintiff, Great Eastern Resort Corporation ("Great Eastern"), in the Circuit Court of Rockingham County, Virginia, against two of its former employees, John Bonsall and Nancy Wagoner ("individual defendants"), for violating their employment agreements, and against the individual defendants' current employer, Bluegreen Corporation and Leisure Capital Corporation ("corporate defendants"), (individual and corporate defendants, collectively, "Defendants"), for interfering with Great Eastern's contractual relationship with the individual defendants. Individual defendants filed a counterclaim alleging violations of state law and the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq. ("FLSA"), on behalf of themselves and on behalf of opt-in collective action plaintiffs. Great Eastern then removed the case to this court purportedly pursuant to 28 U.S.C. § 1441. The case is now before the court on the Defendants' motion to remand the case to state court pursuant to 28 U.S.C. § 1447(c) and on Great Eastern's motion to realign the parties. Great Eastern claims that removal is appropriate if the parties are properly realigned so that Great Eastern is designated as the defendant and the individual defendants as plaintiffs. However, the court finds that the case was improperly removed because only a defendant, which does not include a plaintiff/counterclaim-

defendant, may remove an action to federal court. Because removal was improper, the court grants Defendants' motion to remand.

## I.

Great Eastern, a Virginia corporation with its principal place of business in Rockingham County, Virginia, owns and operates a timeshare resort in McGaheysville, Virginia, known as Massanutten Resort. The individual defendants are both citizens and residents of Virginia who formerly worked for Great Eastern in its sales department and who currently work for Bluegreen Corporation in its sales department. Bluegreen Corporation, which owns a rival timeshare resort in Gordonsville, Virginia, known as Shenandoah Crossing, is a Florida corporation with its principal place of business in Boca Raton, Florida. Leisure Capital Corporation is a Vermont corporation with its principal place of business in Virginia, and is a wholly-owned subsidiary of Bluegreen Corporation.

Great Eastern filed a complaint against Defendants in the Circuit Court of Rockingham County, Virginia, on July 21, 2006, alleging state law claims arising out of their employment agreements with the individual defendants.[1] Each of Great Eastern's claims is governed by Virginia state law and provides no basis for this court to assert its federal question jurisdiction under 28 U.S.C. §1331. Furthermore, the complaint does not establish diversity jurisdiction under 28 U.S.C. § 1332 because Great Eastern is a Virginia corporation and the individual defendants are each citizens of Virginia.

In response to the complaint, the individual defendants filed a demurrer, answer,

---

[1] The complaint alleges two breach of employment contract claims against the individual defendants, a tortious interference with contract claim against the corporate defendants, and a statutory business conspiracy claim against Defendants.

2

affirmative defenses, and permissive counterclaim on August 31, 2006. The individual defendants' counterclaim alleges that Great Eastern violated state contract law and the FLSA. The individual defendants brought the FLSA claim on behalf of themselves and "all similarly situated current and former employees of [Great Eastern] . . . who were employed by [Great Eastern] during the three years, or more, immediately preceding the date of the filing of this Counterclaim," pursuant to the FLSA's collective action provision in 29 U.S.C. § 216(b). The corporate defendants filed an answer and affirmative defenses on August 16, 2006, but did not assert any counterclaims.

On September 18, 2006, Great Eastern removed the matter to the this court purportedly under the authority of 28 U.S.C. § 1441. In support of removal, Great Eastern also filed a motion to realign the parties, asking the court to designate Great Eastern as a defendant and the individual defendants as plaintiffs with respect to the individual defendants' FLSA counterclaim. While Great Eastern acknowledges the general rule that only defendants can remove an action to federal court, it claims that this case is an exception to the rule because "the vast majority of putative [FLSA collective action] members will only occupy the role of plaintiffs in this case." Great Eastern argues removal will be proper after realignment is achieved because it will be a defendant for removal purposes, and the individual defendants will turn into plaintiffs and therefore satisfy the well-pleaded complaint rule.

## II.

The federal removal statute provides that civil suits that are "brought in a State court of which the district courts of the United States have original jurisdiction, may be removed **by the defendant** . . . to the district court of the United States for the district and division embracing the

3

place where such action is pending." 28 U.S.C. § 1441(a) (emphasis added). "The burden of demonstrating jurisdiction resides with the party seeking removal." Maryland Stadium Auth. v. Ellerbe Becket Inc., 407 F.3d 255, 260 (4th Cir. 2005) (internal quotations omitted). Great Eastern premises its removal action upon 28 U.S.C. § 1331, which provides that district courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States," claiming that the FLSA collective action counterclaim properly establishes federal question jurisdiction.

Great Eastern's removal action ignores the Supreme Court's recent ruling that the well-pleaded complaint rule prevents a federal counterclaim from establishing federal question jurisdiction under § 1331. Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830-32 (2000). The well-pleaded complaint rule restricts federal question jurisdiction to cases in which "a federal question is presented on the face of the *plaintiff's* properly pleaded complaint." Id. at 831 (quoting Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987)) (emphasis in Holmes Group).[2] After considering the various longstanding policies underlying the rule,[3] the Holmes Group Court reasoned that, "It follows that a counterclaim-which appears as part of the defendant's answer, not as part of the plaintiff's complaint-cannot serve as the basis of 'arising under' jurisdiction." Id. at 831. In so ruling, the Court refused to "transform the longstanding,

---

[2] The well-pleaded complaint rule governs both "whether a case 'arises under' federal law for purposes of § 1331" and whether "a case is removable from state to federal court pursuant to 28 U.S.C. § 1441(a)." Holmes Group, 535 U.S. at 830, 830 n.2.

[3] The Court noted that allowing counterclaim removal was improper because it would expand the class of removable cases, "undermine the clarity and ease of administration of the well-pleaded-complaint doctrine," and give the plaintiff/counterclaim-defendant less control over forum selection. Id. at 831-32.

4

well-pleaded-complaint rule into the 'well-pleaded-complaint- *or-counterclaim* rule' urged by respondent." Id. at 832. See also Cross Country Bank v. McGraw, 321 F. Supp. 2d 816, 820 (S.D. W. Va. 2004) ("In the wake of Holmes Group, then, there can be no serious contention that the basis for federal subject matter jurisdiction can ordinarily be contained in a defendant's counterclaim.")

Great Eastern suggests that Holmes Group is not controlling here because the parties should be realigned. Rather than citing any standard for granting realignment based on a federal counterclaim, Great Eastern merely mentions that federal courts may realign parties in order to satisfy the removal statute and that either party might be entitled to remove in "unusual circumstances." Great Eastern argues that realignment is proper here not only because the FLSA counterclaim asserts federal claims unrelated to Great Eastern's original complaint, but also because a "majority" of the counterclaim plaintiffs – specifically, those "similarly situated current and former employees" of Great Eastern on whose behalf the individual defendants also proceed – are involved in the case only as plaintiffs and have no involvement with Great Eastern's original lawsuit.

Great Eastern relies mainly on Miller v. Washington Workplace, Inc., 298 F. Supp. 2d 364 (E.D. Va. 2004), to support its argument. However, the court in Williamsburg Plantation, Inc. v. Bluegreen Corp., et al., No. 4:06cv102, 2006 WL 3207856, at *6-7 (E.D. Va. Nov. 2, 2006), a case which also involved removal and a motion for realignment in connection with a counterclaim alleging FLSA violations identical to the ones at issue here, recognized that Miller provides no legal basis for a plaintiff/counterclaim-defendant to remove an action to federal court. This court agrees.

5

In Miller, an employer filed a state court breach of contract claim against a former employee, who then filed a counterclaim against the employer and a third-party claim against a former co-worker. Miller, 298 F. Supp. 2d at 369. The defendant's counterclaim and third-party claim both included federal claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, et seq. Id. The former employer and co-worker then removed the case to federal court. Id. After removal, the defendant/counterclaim-plaintiff moved to realign the parties. Id.

While the Miller court did allow realignment, the court offered no analysis or substantive discussion of removal or realignment. See also Williamsburg Plantation, 2006 WL 3207856, at *6 (noting that there was "no discussion concerning the appropriateness of removal in Miller"). Instead, the court only briefly mentioned the removal and federal question jurisdiction statutes, failing to reference Holmes Group or any other relevant case law. Miller, 298 F. Supp. 2d at 369. The thrust of Miller concerned whether the court would grant a motion to dismiss several counts of the former employee's counterclaim. Id. at 371-80 (discussing in length the merits of the employee's intentional tort, fraud, Title VII, and wrongful termination claims). "In short, Miller cannot stand for the affirmative proposition that a federal court should realign the parties to a state court action so as to make removal possible where the only federal question present is in the state court defendants' counterclaim." Williamsburg Plantation, 2006 WL 3207856, at *6-7. Accordingly, realignment and removal are improper here.

## III.

When removal of an action is improper, the court is required to remand the action to state court. See 28 U.S.C. § 1447(c). ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). Therefore, the court denies

6

Great Eastern's motion to realign and grants Defendants' motion to remand.

**ENTER:** This 22nd day of November, 2006.

_/s/ [signature]_
United States District Judge