CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
MAR 1 6 2007
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| GREAT EASTERN RESORT CORPORATION, <br>     Plaintiff, <br><br> v. <br><br> BLUEGREEN CORPORATION, <br> et al., <br>     Defendants. | Civil Action No. 5:06cv00084 <br><br> **MEMORANDUM OPINION** <br><br> By: Samuel G. Wilson <br> United States District Judge |

This matter is before the court on Defendants' Bluegreen Corporation and Leisure Capital Corporation (collectively "Defendants") motion for costs and attorney's fees, pursuant to 28 U.S.C. § 1447(c). As outlined in this court's previous opinion, see Great E. Resort Corp. v. Bluegreen Corp., et al., No. 5:06cv00084, 2006 WL 3391504 (W.D. Va. Nov. 22, 2006), Plaintiff, Great Eastern Resort Corporation ("Great Eastern"), initially sued Defendants in state court on claims that involved solely state law, but then removed the case to federal court, claiming that a FLSA collective action counterclaim brought by several individual defendants provided a basis for removal under 28 U.S.C. § 1441. Great Eastern argued that despite the fact that it initiated the action in state court, the FLSA counterclaim provided a basis for the court to "realign" the parties so that Great Eastern was the proper defendant for removal purposes. This court ruled that the case had been improperly removed and granted Defendants' motion to remand. Bluegreen Corp., 2006 WL 3391504, at *6-7. The court did not address the issue of costs and attorneys fees. Defendants now seek $5,810.95 in costs and expenses, included but not limited to attorney's fees, associated with Great Eastern's filing of its Notice of Removal.

28 U.S.C. § 1447(c) provides that, "An order remanding [a] case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The Supreme Court has held that, "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.." Martin v. Franklin Capital Corp., 126 S. Ct. 704, 711 (2005). This test recognizes "the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." Id.

While a close question, the court does not find that Great Eastern lacked an objectively reasonable basis for seeking removal. Great Eastern relied primarily on Miller v. Washington Workplace, Inc., 298 F. Supp. 2d 364 (E.D. Va. 2004), to support its removal and realignment arguments. In Miller, the court allowed removal and realignment on similar facts, but offered no substantive analysis.[1] As this court discussed in its remand opinion, Great Eastern's reliance on Miller was misplaced, as the case does not stand for the proposition that a federal court should realign parties to effectuate removal where the only federal question appears in the state court defendants' counterclaim. Bluegreen Corp., 2006 WL 3391504, at *6. While there is no question that Great Eastern improperly removed the case and misread precedent, Great Eastern arguably had an objectively reasonable basis for removal. Furthermore, there is no evidence that

---

[1] The Miller court merely mentioned the removal and realignment in the "Background" section during its discussion of the case's procedural history.

Great Eastern sought removal simply to prolong litigation and impose costs on Defendants. Therefore, this court denies the Defendants' motion for costs and attorney's fees.

**ENTER:** This 16th day of March, 2007.

United States District Judge